**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JUAN EVANS,**

      **Plaintiff,**

**vs.**                                                              **Case No. 4:06cv578-SPM/WCS**

**BARBARA J. PARIENTE, et al.,**

      **Defendants.**

                             **/**


## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, was ordered on January 8, 2007, to file a third amended complaint.  Doc. 22.  The order explained several problems for Plaintiff that must be corrected prior to directing service of the complaint.  *Id.*  Plaintiff objected to that order and requested relief, doc. 23.  Plaintiff's motion for relief from my order was denied by District Judge Mickle, and that order explained why Plaintiff's consent to a Magistrate Judge's authority to process this case was irrelevant.  Doc. 24.

Rather than comply with the Order to submit and amended complaint, Plaintiff filed a motion to disqualify the judges assigned to his case and, once again, sought the issuance of summons.  Docs. 25 and 26.  Those motions were denied on March 8,

2007, and Plaintiff was directed to file his third amended complaint by April 5th.  Doc.
27.  On that deadline, Plaintiff sought an enlargement of time, doc. 28, which was
granted.  Doc. 29.  Plaintiff's third amended complaint was due to be filed on May 7th.
*Id.*

Plaintiff has now filed another request for issuance of summons and, "in lieu of
the filing of a third amended complaint, plaintiff respectfully submits that the Court lacks
jurisdiction to order him to file an amended complaint because plaintiff paid the filing fee
pursuant to Title 28 U.S. C. Section 1914 and is, therefore, entitled to have his
complaint served on the State of Florida pursuant to Fed. R. Civ. P. 4."  Doc. 30.
Plaintiff states once more his belief that the prior orders are "illegitimate" and he
continues to challenge this Court's authority to screen his complaint prior to service and
order him to file an amended complaint.  *Id.*

As for Plaintiff's successive request for issuance of summons, doc. 30, it is
denied for the same reasons previously explained in the January 8, 2007, order.  Doc.
22.  Plaintiff has repeatedly had this motion denied and his objection was overruled.

Plaintiff has had the Court's authority explained to him.  Docs. 22, 24.  Plaintiff
does not need to consent to the jurisdiction of a Magistrate Judge and, although the
Court is not *required* to review complaints filed by *pro se* litigants, the Court is not
*prohibited* from doing so.  If Plaintiff were an inmate, the Court would be *required to do
so*.  28 U.S.C. § 1915A.  Even though Plaintiff is not incarcerated, and even though
Plaintiff paid the fee, he is not *entitled* to service of a complaint that fails to state a claim.
A Defendant should not be put to the expense of defending against a clearly meritless
action.

Case No. 4:06cv578-SPM/WCS

Plaintiff was previously advised that should he not comply with the Order to submit a third amended complaint, a report and recommendation would be entered recommending dismissal.  Plaintiff was warned of the failure to comply, but has chosen instead to press his arguments which have already been considered and denied.  Since Plaintiff refuses to submit the third amended complaint, it is recommended that this action be dismissed without prejudice for Plaintiff's failure to comply with court orders.

Moreover, Plaintiff's prior complaint, doc. 14, was not filed on court forms as is required by local court rules which provide that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 or 2000e (Title VII), 28 U.S.C. §§ 1331 or 1346, shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant."  N.D. Fla. Loc. R. 5.1(J)(2).  This rule was pointed out to Plaintiff and he has refused to submit a "third amended complaint" on court forms. This deficiency is another basis for dismissal.

Furthermore, Plaintiff has inconsistently named persons as Defendants in this case and it cannot clearly be determined all of the persons Plaintiff intends to sue. Defendants should have to guess as to whether they are a Defendant in litigation, and neither should the Court.  Plaintiff was warned that the "listing of all Defendants must be identical, on the first page of the complaint form, and in the other sections of the form." Because Plaintiff has refused to comply with this direction, and because the complaint is insufficient, this action should be dismissed for this additional reason.

An additional reason for dismissal is that Plaintiff attempts to name the seven justices of the Florida Supreme Court, the Chief Judge of the Florida First District Court of Appeal, a circuit court judge from Walton County, Florida, and others as Defendants.

Plaintiff sues them in their official capacities for prospective injunctive relief and the

"State of Florida, through its Chief Executive Officer, Jeb Bush, is sued for monetary

damages on the grounds that the State is vicariously liable to plaintiff for the conduct of

its officials and/or agents."  *Id.*, at 6.

Well established law provides that a State official cannot be named as a

Defendant in a civil rights case merely because he or she has supervisory authority over

others.  The doctrine of *respondeat superior* does not provide a basis for recovery under

§ l983.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v.

Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978);

*see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d

261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d

452 (1986).  Thus, because neither the State of Florida nor the Governor of the State of

Florida is vicariously liable for the actions of others, Plaintiff's complaint does not state a

viable claim for relief and should be dismissed.

Another of Plaintiff's claims is that "he has a federal law exemption to the practice

of law because Congress, pursuant to Title 5 U.S.C. Section 555(b) and other specific

legal authority, has authorized him to represent others in administrative proceedings

that are federal in nature such as food stamp appeals."  Doc. 14, p. 6.  This claim is

insufficient.[1]  The final sentence of § 555(b) expressly states: "This subsection does not

---

[1]  "A person compelled to appear in person before an agency or representative
thereof is entitled to be accompanied, represented, and advised by counsel or, if
permitted by the agency, by other qualified representative.  A party is entitled to appear
in person or by or with counsel or other duly qualified representative in an agency
proceeding.  So far as the orderly conduct of public business permits, an interested
person may appear before an agency or its responsible employees for the presentation,
adjustment, or determination of an issue, request, or controversy in a proceeding,

grant or deny a person *who is not a lawyer* the right to appear for or represent others before an agency or in an agency proceeding." (emphasis added). As a non-lawyer, Plaintiff is not exempted and has no right to practice law or represent others. Moreover, that subsection concerns representation before federal agencies, not state agencies. 5 U.S.C. § 551(a); Sperry v. State of Florida, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963) (holding that although Florida has a substantial interest in regulating the practice of law within the state, because federal law expressly grants a non-lawyer the authority to represent others before the federal Patent Office, Florida may not prohibit such representation).[2] These allegations also fail to state a claim.

Plaintiff makes conclusory assertions that Defendants "of the Florida Supreme Court and the Bar harbor a discriminatory animus towards" Plaintiff. Doc. 14, p. 6. Plaintiff presents no facts to support his claim of discriminatory animus. Therefore, these conclusory allegations are insufficient to state a claim and must be dismissed.

Plaintiff is also attempting to challenge a Florida law that requires anyone who practices law to be licensed or he will be guilty of a felony and subject to criminal prosecution. Doc. 14, p. 7. Further, he challenges the Rules Regulating the Florida Bar and Rules of Judicial Administration which prohibit the unlicensed practice of law and

---

whether interlocutory, summary, or otherwise, or in connection with an agency function. With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it. This subsection does not grant or deny a person who is not a lawyer the right to appear for or represent others before an agency or in an agency proceeding." 5 U.S.C. § 555(b).

[2] In reaching that conclusion, the Court acknowledged that the State still "maintains control over the practice of law within its borders except to the limited extent necessary for the accomplishment of the federal objectives." Sperry, 373 U.S. at 402, 83 S.Ct. at 1335.

"do not recognize or specifically address any federal law exemption to the practice of law in administrative proceedings that are federal in nature."  *Id.*  Plaintiff claims that federal law gives him an exemption to practice law and represent other persons.  As noted above, this claim is deficient and must be dismissed.  *See, e.g.*, Ippolito v. State of Florida, 824 F.Supp. 1562, 1573 (M.D. Fla. 1993), *citing* In re Isserman, 345 U.S. 286, 288, 73 S.Ct. 676, 677, 97 L.Ed. 1013 (1953)(stating "There is no vested right in an individual to practice law.").[3]  There is simply no federal statute which provides Plaintiff with the authority or right to represent persons in the state courts of Florida without a license.  Plaintiff has not identified a specific federal law that authorizes such action.

Moreover, by virtue of 28 U.S.C. § 2283, a federal court lacks the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity have led to the development of an "abstention doctrine" that counsels against federal interference with pending state court proceedings.  Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).[4]

---

[3] Plaintiff should review the prior amendatory order entered by Magistrate Judge Davis on September 8, 2006.  Doc. 9.

[4] In Younger, the United States Supreme Court held that an ongoing state criminal proceeding may not be enjoined "except under special circumstances."  *Id.* at 41, 91 S. Ct. at 749.  Although Younger applied explicitly only to state criminal proceedings, the Supreme Court has expanded the applicability of the Younger doctrine to some civil proceedings as well.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (state proceeding to enforce a nuisance statute); Juidice v. Vail, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (judicial contempt proceeding); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (civil action for return of welfare payments to state agency); Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371 (1979) (state child custody proceeding).

If Plaintiff is currently subject to criminal contempt proceeding, then Plaintiff's claims are barred in this Court.  If those proceedings have concluded, then Plaintiff's claims would *still* be barred as this Court would not have jurisdiction to review the claims.  The Rooker-Feldman doctrine bars federal district courts from reviewing final decisions of a state court.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  In Feldman, the Court reaffirmed the validity of Rooker and reminded federal courts that, "because federal review of state court decisions is entrusted solely to the Supreme Court, they may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment."  Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983), *cert. denied,* 467 U.S. 1210 (1984), *interpreting* Feldman, 263 U.S. at 485-86, 103 S. Ct. at 1316-17.  This Court may not review the decisions of the state courts of Florida.

Because Plaintiff's complaint fails to state a claim upon which relief may be granted, and because Plaintiff refuses to submit a third amended complaint[5] which *might* state a claim, this action should be dismissed in its entirety.  Plaintiff refuses to comply with court orders requiring him to submit a viable amended complaint.  There is no reason to require Defendants to respond to a complaint that so clearly fails to state a claim, demonstrates no basis upon which relief could be granted, and it is time to bring

---

[5] The complaint also is unnecessarily lengthy and fails to comply with Federal Rule of Civil Procedure 8(a) which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff does not present facts showing his entitlement to relief.

this proceeding to an end.  At such time as Plaintiff is willing to abide by court orders,

Plaintiff may initiated a new case.

One additional comment is warranted on Plaintiff's argument that because he

paid the fee, the Court must direct service and cannot dismiss his case *sua sponte*.

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L.

Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed

*in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the action was

frivolous or malicious.[6]  Neitzke recognized two types of cases which may be dismissed,

*sua sponte*.  In the first class are "claim(s) based on an indisputably meritless legal

theory," and in the second class are "those claims whose factual contentions are clearly

baseless."  *Id.*  Within the former are those cases in which it is either readily apparent

that a complaint lacks an arguable basis in law or that defendants are clearly entitled to

immunity from suit.  Within the latter are those cases describing scenarios clearly

removed from reality.  Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990)(citing

Neitzke).

The Neitzke Court contrasted such a dismissal with the situation in which a

litigant paid the court's filing fees.  In such a situation, the Court found the case could be

dismissed under Fed. R. Civ. P. 12(b)(6); however, the Court did not decide whether a

*sua sponte* dismissal was appropriate under Rule 12(b)(6).  Precedent has now been

set for such a dismissal.

Upon receiving a complaint with bizarre allegations, the district court in the

Southern District of New York held that "[a] plaintiff asserting fantastic or delusional

---

[6] 28 U.S.C. § 1915(d) was redesignated § 1915(e).

claims should not, by payment of a filing fee, obtain a license to consume limited judicial

resources and put defendants to effort and expense." <u>Tyler v. Carter</u>, 151 F.R.D. 537,

540 (S.D.N.Y. 1993), *affirmed* 41 F.3d 1500 (2nd Cir. 1994)

> The policies arguing against sua sponte Rule 12(b)(6) dismissals do not
> apply in these circumstances.  The author of claims as irrational as these
> cannot be regarded as subject to the economic incentive to refrain from
> frivolous actions imposed by filing fees and court costs upon rational
> paying litigants. . . .  If this Court cannot order sua sponte dismissal of this
> complaint under Rule 12(b)(6), no district court can ever dismiss sua
> sponte any complaint under the Rule.  I do not think that is the law.

<u>Tyler</u>, 151 F.R.D. at 540.  Plaintiff in the case at bar has not presented allegations that

are necessarily removed from reality and frivolous; however, Plaintiff's complaint is

deficient for a multitude of reasons, none of which Plaintiff is willing to correct.  The

complaint fails to comply with local rules of this Court, the Rules of Civil Procedure, and

fails to state a claim.  No Defendant should be put to the expense of answering such a

complaint, and there is no reason to permit Plaintiff to serve such a complaint.

Therefore, summary dismissal of this action is appropriate pursuant Fed. R. Civ. P.

12(b)(6).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second

amended complaint, doc. 14, be **DISMISSED** for failure to state a claim upon which

relief may be granted and because Plaintiff fails to comply with court orders, and that all

pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2007.

        s/      William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:06cv578-SPM/WCS